**BARRETT et al. v. LANDES.**

No. 6570.

United States District Court
W. D. Missouri, W. D.

Feb. 9, 1951.

Erwin O. Kunau, Donald E. Raymond, Kansas City, Mo., for plaintiffs.

Harry Howard, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The action in this case is based upon an order of the Area Rent Director dated April 4, 1950. On that date the Director made two retroactive orders reducing the rentals being charged by the property owner. These several orders were made effective "from July 1, 1947" or "date first rented thereafter," and supplemented the retroactive reduction order with the following: "Any rent collected from the effective date of this order in excess of the amount provided in the order shall be refunded to the tenant within 30 days from the date of issue."

Based upon such order the tenants joined in a single action for the recovery of the claimed overcharge. This action was instituted because of the asserted violation of the order of the Area Rent Director in directing refunds of the overcharges. The suit was filed on September 6, 1950. By paragraph (e) of Section 925, Title 50 Appendix U.S.C.A. it is there provided that suit may be brought "within one year from the date of the occurrence of the violation" of a "regulation, *order*, (Emphasis mine) or price schedule * * *."

The defendant had 30 days from April 4, 1950 to comply with the order and obviously, according to all of the pleadings, there was a violation of the order. The defendant has challenged the constitutional validity of the order by her amended answer. Such averments of the answer the plaintiffs seek to have stricken.

Paragraph 5 of the Amended Answer should be stricken for the reason that under the law the Area Rent Director had the authority to make such an order, and the remedy of the defendant was by proper procedure to seek a review by the Emergency Court of Appeals.

Paragraph 6 should not be stricken for the reason that it is charged that the Area Rent Director made the order arbitrarily and capriciously and as the result of passion and prejudice. The defendant is entitled to tender such an issue, and that paragraph should not be stricken.

The motion for a summary judgment should be overruled for the reason that it seeks triple damages as prayed and the defendant by her answer pleads good faith in all she did. This, together with other averments, tenders factual issues which should be tried. It would follow therefore, that the motion to strike paragraph 5 of the amended answer will be

sustained and the motion to strike paragraph 6 will be overruled, and plaintiff's motion for a summary judgment will, in like manner, be overruled.

It will be so ordered.